Lawrence H. Meuers, Esq. (SBN 197663)
Katy Koestner Esquivel, Esq.
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com
kesquivel@meuerslawfirm.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

NATURAL SELECTION FOODS, LLC
dba EARTHBOUND FARMS,

    Plaintiff,

vs.

FARMERS PROCESSING, INC., and
RAYMOND RODRIGUEZ,

    Defendants.

Case No.: C08 01069 HRL

## CIVIL ACTION COMPLAINT

For its Complaint, Plaintiff respectfully states as follows:

### THE PARTIES

1. Plaintiff is Natural Selection Foods, LLC dba Earthbound Farms ("Natural Selection"), a California limited liability company with its principal place of business located at 1721 San Juan Highway, San Juan Bautista, California.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

    a) Farmers Processing, Inc. (the "Debtor" or "Farmers Processing").

Upon information and belief, Farmers Processing is a California corporation with its principal place of business located at 274 Kearney Street, Watsonville, California. Upon information and belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499q (the "PACA"); and

b) Raymond Rodriguez ("Rodriguez") an individual, upon information and belief, is the Principal of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Rodriguez is a resident of Watsonville, California, .

4. Farmers Processing and Rodriguez will be collectively referred to as "Defendants." Rodriguez will be collectively at times referred to as the "Principal."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## CLAIMS FOR RELIEF

### COUNT I.

### DEFENDANT FARMERS PROCESSING
### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. § §499e(c)(3) and (4)*

7. Plaintiff re-alleges ¶¶ 1 through 6 as if stated herein.

8. At all times relevant to this action, Farmers Processing was a commission merchant, dealer or broker operating subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA").

9. On September 15, 2007, Plaintiff sold to Farmers Processing in interstate commerce, and Farmers Processing purchased from Plaintiff, Produce in the total

1  amount of $48,965.00.

2  10.   Plaintiff delivered the produce to Farmers Processing and Farmers Processing accepted the Produce from Plaintiff.

3  11.   Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Farmers Processing's receipt of the Produce, Farmers Processing became trustee of the PACA trust for the benefit of Plaintiff in the amount of $48,965.00. The PACA trust consists of all Farmers Processing's inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets")

12.   Plaintiff gave written notice of intent to preserve trust benefits to Farmers Processing in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Farmers Processing.

13.   Farmers Processing failed to pay for the Produce despite Plaintiff's repeated demands.

14.   Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Farmers Processing's PACA Trust Assets.

15.   Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Farmers Processing with a valid PACA trust claim in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II.

### DEFENDANT FARMERS PROCESSING

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### 7 U.S.C. §499e(c)(5)

16. Plaintiff re-alleges ¶¶ 1 through 15 as if stated herein.

17. Farmers Processing is in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. Farmers Processing failed to pay Plaintiff for the shipments of Produce listed above at ¶9 from the PACA trust assets.

19. As a direct result of Farmers Processing's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing Farmers Processing to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III.

### DEFENDANT FARMERS PROCESSING

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
### 7 U.S.C. §499b(4)

21. Plaintiff re-alleges ¶¶ 1 through 20 as if stated herein.

22. Farmers Processing received each of the shipments of Produce identified in ¶9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires Farmers Processing, as a PACA trustee, to hold its PACA

1  Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of
2  Produce until all such suppliers have received full payment.

3      25.    Farmers Processing has failed to maintain sufficient trust assets to fully
4  satisfy all qualified PACA trust claims including Plaintiff's asserted herein.

5      26.    As a direct result of Farmers Processing's failure to properly maintain and
6  protect the PACA trust assets from dissipation, Plaintiff has suffered damages which
7  are covered under the PACA trust in the amount of $48,965.00, plus interest from the
8  date each invoice became past due, costs and attorneys' fees.

9      27.    Plaintiff seeks entry of an Order creating a common fund from which all
10  PACA trust beneficiaries may be paid by directing Farmers Processing to maintain
11  PACA Trust Assets equal to the sum of $48,965.00, plus the claims of all other unpaid
12  suppliers of produce that properly preserved their PACA Trust claims, directing
13  Farmers Processing to replenish the PACA trust to a level sufficient to satisfy all
14  qualified PACA trust claims, and enjoining Farmers Processing from dissipating PACA
15  Trust Assets.

## COUNT IV.

### DEFENDANT FARMERS PROCESSING

### <u>VIOLATION OF PACA: FAILURE TO PAY PROMPTLY</u>
### 7 U.S.C. §499b(4)

28.    Plaintiff re-alleges ¶¶ 1 through 27 as if stated herein.

29.    Farmers Processing received each of the shipments of Produce identified in ¶9 above.

30.    PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31.    Farmers Processing failed to pay these invoices within the payment terms.

32.    As a direct result of Farmers Processing's failure to pay for each invoice

within terms, the Plaintiff has incurred damages in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

33. Plaintiff seeks entry of an Order directing Farmers Processing to immediately pay Plaintiff the sum of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V.
## DEFENDANT FARMERS PROCESSING
## BREACH OF CONTRACT

34. Plaintiff re-alleges ¶¶ 1 through 33 as if stated herein.

35. Plaintiff and Farmers Processing entered into contracts under which Plaintiff agreed to sell the Produce and Farmers Processing agreed to purchase the Produce, each of which is described in ¶9 above.

36. Farmers Processing breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

37. As a direct result of Farmers Processing's breach of contract, the Plaintiff has incurred damages in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

38. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Farmers Processing in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI.
## THE PRINCIPAL
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

39. Plaintiff re-alleges ¶¶ 1 through 38 as if stated herein.

40. At all times relevant to this action, the Principal was an officer, director, shareholder or employee of Farmers Processing.

41. As the Principal of Farmers Processing, Rodriguez had a duty to ensure

that Farmers Processing fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42. The Principal had full knowledge and responsibility for the handling of Farmers Processing's duties as trustee of the PACA trust.

43. The Principal controlled or had a duty to control Farmers Processing's operations and financial dealings, including those involving the PACA Trust Assets.

44. Farmers Processing breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45. The Principal breached his fiduciary duty to direct Farmers Processing to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Farmers Processing.

46. As a direct result of the Principal's breach of fiduciary duty, the Plaintiff has incurred damages in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

47. The Principal is personally liable to Plaintiff for his breach of fiduciary duty in dissipating the PACA trust to the extent of $48,965.00 plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principal in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

I)     As to Count I, declaring that Plaintiff is a PACA Trust beneficiary of Farmers Processing with a valid PACA trust claim in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

II)    As to Count II, directing Farmers Processing to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

III)   As to Count III, directing Farmers Processing to maintain PACA Trust Assets equal to the sum of $48,965.00, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, enjoining Farmers Processing from dissipating PACA Trust Assets and directing Farmers Processing to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

IV)   As to Count IV, directing Farmers Processing to immediately pay Plaintiff the sum of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

V)     Enter Final Judgment in favor of Plaintiff and against Farmers Processing on Counts I through V, in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

VI)   As to Count VI, entering judgment in favor of Plaintiff and against the Principal in the amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

VII)   Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on Thursday, February 14, 2008.

                            MEUERS LAW FIRM, P.L.

                            *Lawrence H. Meuers* (signature)
                            Lawrence H. Meuers, Esq. (SBN 197663)
                            Katy Koestner Esquivel, Esq.
                            MEUERS LAW FIRM, P.L.
                            5395 Park Central Court
                            Naples, FL 34109
                            Telephone: (239)513-9191
                            Facsimile: (239)513-9677
                            lmeuers@meuerslawfirm.com
                            kesquivel@meuerslawfirm.com

                            Attorneys for Plaintiff