JOHN C. KIRKE, #175055
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
300 Lakeside Drive, Suite 1900
Oakland, California 94612-3570
P.O. Box 12979
Oakland, California 94604-2979
Telephone: (510) 451-0544
Facsimile: (510) 832-1486

Attorneys for Defendants
FARMERS PROCESSING, INC. and
RAYMOND RODRIGUEZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATURAL SELECTION FOODS, LLC dba EARTHBOUND FARMS,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS PROCESSING, INC. and RAYMOND RODRIGUEZ,<br><br>Defendant. | CASE NO. C 08 01069 HRL<br><br>**ANSWER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: February 22, 2008<br>Trial Date: None set |

Defendants Farmers Processing, Inc. and Raymond Rodriguez for their answer and Affirmative Defenses to Plaintiff's Complaint state as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff is Natural Selection Foods, LLC dba Earthbound Farms, a California limited liability company with its principal place of business located at 1721 San Juan Highway, San Juan Batista, California.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny same.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

**ANSWER:** Defendants lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny same.

3. Defendants are:

(a) Farmers Processing, Inc. (the "Debtor" or "Farmers Processing"). Upon information and belief, Farmers Processing is a California corporation with its principal place of business located at 274 Kearney Street, Watsonville, CA 95076. Upon information and belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of the Perishable and Agricultural Commodities Act ("PACA"); and

(b) Raymond Rodriguez ("Rodriguez") an individual, upon information and belief, is the Principal of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Rodriguez is a resident of Watsonville, California.

**ANSWER:** Defendants admit that Farmers is a California corporation based in Watsonville and that Rodriguez is a Watsonville resident and an individual working for Farmers but otherwise deny the allegations in paragraph 3.

4. Farmers Processing and Rodriguez will be collectively referred to as "Defendants." Rodriguez will be collectively at times referred to as the "Principal."

**ANSWER:** Defendants admit that plaintiff will refer to the defendants as alleged but

otherwise deny the allegations in paragraph 4.

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore deny same.

6. Venue in this District if based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore deny same.

## ANSWER TO FIRST CLAIM FOR RELIEF
## (DEFENDANT FARMERS PROCESSING)

### (Declaratory Relief Validating PACA Trust Claim)

7. Plaintiff realleges ¶¶ 1 through 6 as of stated herein.

**ANSWER:** Defendants re-allege and incorporate by reference as if set forth in full herein its answers to paragraphs 1 through 6.

8. At all times relevant to this action, Farmers Processing was a commission merchant, dealer or broker operating subject to the provisions of the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §499a-499t (the "PACA").

**ANSWER:** Defendants deny the allegations in paragraph 8.

9. On September 15, 2007, Plaintiff sold to Farmers Processing in interstate commerce, and Farmers Processing purchased from Plaintiff, Produce in the total amount of $48,965.00.

**ANSWER:** Defendants deny the allegations in paragraph 9.

10. Plaintiff delivered the produce to Farmers Processing and Farmers Processing accepted the Produce from Plaintiff.

1  **ANSWER:** Defendants deny the allegations in paragraph 10.

2  11. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Farmers Processing's receipt of the Produce, Farmers Processing became trustee of the PACA trust for the benefit of Plaintiff in the amount of $48,963.00. The PACA trust consists of all Farmers Processing's inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

**ANSWER:** Defendants deny the allegations in paragraph 11.

12. Plaintiff gave written notices of intent to preserve trust benefits to Farmers Processing in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices, and by sending those invoices to Farmers Processing.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. Farmers Processing failed to pay for the Produce despite Plaintiff's repeated demands.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14. Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Farmers Processing's PACA Trust Assets.

**ANSWER:** Defendants deny the allegations in paragraph 14.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA Trust beneficiary of Farmers Processing with a valid PACA trust claim in the aggregate amount of $48,965.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**ANSWER:** Defendants deny that plaintiff is entitled to the relief sought in paragraph 15.

## ANSWER TO SECOND CLAIM FOR RELIEF

### (Enforcement of Payment from PACA Trust Assets)

16. Plaintiff re-alleges ¶¶ 1 through 15 as if stated herein.

**ANSWER:** Defendants re-alleges and incorporate by reference as if set forth in full herein its answers to paragraphs 1 through 15.

17. Farmers Processing is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

**ANSWER:** Defendants deny the allegations in paragraph 17.

18. Farmers Processing failed to pay Plaintiff for the shipments of Produce listed above at ¶ 9 from the PACA Trust assets.

**ANSWER:** Defendants deny the allegations in paragraph 18.

19. As a direct result of Farmers Processing's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $48,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**ANSWER:** Defendants deny the allegations in paragraph 19.

20. Plaintiff seeks the entry of an Order directing Farmers Processing to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $48,963.00, plus interest from the date each invoice became due, costs and attorneys' fees.

**ANSWER:** Defendants deny that plaintiff is entitled to the relief sought in paragraph 20.

## ANSWER TO THIRD CLAIM FOR RELIEF

### (Violation of the PACA: Failure to Maintain PACA Trust Assets and Creation of Common Fund)

21. Plaintiff re-alleges ¶¶ 1 through 20 as if stated herein.

**ANSWER:** Defendants re-allege and incorporate by reference as if set forth in full herein its answers to paragraphs 1 through 20.

22. Farmers Processing received each of the shipments of Produce identified in ¶9 above.

**ANSWER:** Defendants deny the allegations in paragraph 22.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

**ANSWER:** Defendants deny the allegations in paragraph 23.

24. PACA requires Farmers Processing, as PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

**ANSWER:** Defendants deny the allegations in paragraph 24.

25. Farmers Processing has failed to maintain sufficient PACA Trust Assets to fully satisfy all qualified PACA trust claims, including Plaintiff's claims asserted herein.

**ANSWER:** Defendants deny the allegations in paragraph 25.

26. As a direct result of Farmers Processing's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages, which are covered under the PACA trust, in the amount of $48,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**ANSWER:** Defendants deny the allegations in paragraph 26.

27. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid directing Farmers Processing to maintain PACA Trust Assets equal to the sum of $48,963.00, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, directing Farmers Processing to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Farmers Processing from dissipating PACA Trust Assets.

**ANSWER:** Defendants deny that plaintiff is entitled to the relief sought in paragraph 27.

### ANSWER TO FOURTH CLAIM FOR RELIEF
### (Violation of PACA: Failure to Pay Promptly)

28. Plaintiff re-alleges paragraphs 1 through 27 as if stated herein.

1  **ANSWER:** Defendants re-allege and incorporate by reference as if set forth in full herein its answers to paragraphs 1 through 27.

29. Farmers Processing received each of the shipments of Produce identified in ¶9 above.

**ANSWER:** Defendants deny the allegations in paragraph 29.

30. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

**ANSWER:** Paragraph 30 states a legal conclusion and as such does not require Defendants to answer.

31. Farmers Processing failed to pay these invoices within the payment terms.

**ANSWER:** Defendants deny the allegations in paragraph 31.

32. As a direct result of Farmers Processing's failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $48,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**ANSWER:** Defendants deny the allegations in paragraph 32.

33. Plaintiff seeks an entry of an Order directing Farmers Processing to immediately pay Plaintiff the sum of $48,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**ANSWER:** Defendants deny that plaintiff is entitled to the relief sought in paragraph 33.

### ANSWER TO FIFTH CLAIM FOR RELIEF
### (Breach of Contract)

34. Plaintiff re-alleges paragraphs 1 through 33 as if stated herein.

**ANSWER:** Defendants re-allege and incorporate by reference as if set forth in full herein its answers to paragraphs 1 through 33.

35. Plaintiff and Farmers Processing entered into contracts under which Plaintiff agreed to sell the Produce and Farmers Processing agreed to purchase the Produce, as described in ¶9 above.

**ANSWER:** Defendants deny the allegations in paragraph 35.

36. Farmers Processing breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

**ANSWER:** Defendants deny the allegations in paragraph 36.

37. As a direct result of Farmers Processing's breach of contract, the Plaintiff has incurred damages in the amount of $48,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**ANSWER:** Defendants deny the allegations in paragraph 37.

38. Plaintiff seeks an entry of an Order entering judgment in favor of Plaintiff and against Farmers Processing in the amount of $48,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**ANSWER:** Defendants deny that plaintiff is entitled to the relief sought in paragraph 38.

### ANSWER TO SIXTH CLAIM FOR RELIEF
### (THE PRINCIPAL)

### (Breach of Fiduciary Duty to PACA Trust Beneficiaries)

39. Plaintiff re-alleges paragraphs 1 through 38 as if stated herein.

**ANSWER:** Defendants re-allege and incorporates by reference as if set forth in full herein its answers to paragraphs 1 through 38.

40. At times relevant to this action, the Principal was an officer, director, shareholder or employee of Farmers Processing.

**ANSWER:** Defendants deny that they are subject to PACA as apparently alleged in paragraph 40.

41. As the Principal of Farmers Processing, Rodriguez had a duty to ensure that Farmers Processing fulfilled its duties as a PACA Trustee, and maintained PACA Trust Assets in

-7-

1  such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy
2  all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.
3       **ANSWER:**   Defendants deny the allegations in paragraph 41.
4       42.   The Principal had full knowledge and responsibility for the handling of Farmers
5  Processing's duties as Trustee of the PACA Trust.
6       **ANSWER:**   Defendants deny the allegations in paragraph 42.
7       43.   The Principal controlled or had a duty to control Farmers Processing's operations
8  and financial dealings, including those involving the PACA Trust Assets.
9       **ANSWER:**   Defendants deny the allegations in paragraph 43.
10      44.   Farmers Processing breached its fiduciary duty to maintain sufficient PACA Trust
11 Assets to pay all PACA trust claims as they became due.
12      **ANSWER:**   Defendants deny the allegations in paragraph 44.
13      45.   The Principal breached his fiduciary duty to direct Farmers Processing to fulfill its
14 duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for
15 the Produce supplied by it to Farmers Processing.
16      **ANSWER:**   Defendants deny the allegations in paragraph 45.
17      46.   As a direct result of the Principal's breach of fiduciary duty, the Plaintiff has
18 incurred damages in the amount of $48,965.00 plus interest from the date each invoice became
19 past due, costs and attorneys' fees.
20      **ANSWER:**   Defendants deny the allegations in paragraph 46.
21      47.   The Principal is personally liable to Plaintiff for his breach of fiduciary duty in
22 dissipating the PACA trust to the extent of $48,965.00 plus interest from the date each invoice
23 became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA
24 Trust Assets.
25      **ANSWER:**   Defendants deny the allegations in paragraph 47.
26      48.   Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of
27 Plaintiff and against the Principal in the amount of $48,965.00, plus interest from the date each
28

1  invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the
2  PACA Trust Assets.

3  49.  **ANSWER:**  Defendants deny that plaintiff is entitled to the relief sought in
4  paragraph 48.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Each count of Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred by Plaintiff's agreement to accept and acceptance of other consideration in satisfaction of defendants' obligations therein alleged, if any there be.

## THIRD AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendants reserve the right to assert additional affirmative defenses in the event that additional defenses become apparent during the course of this litigation.

## FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Barred)

Plaintiff is precluded from recovering attorneys' fees from defendants under the applicable provisions of law.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent of Plaintiff)

Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Defendants thus barring Plaintiff from any relief as prayed for herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff by virtue of its own inequitable conduct are estopped from recovery on their claims.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Plaintiff's claims are barred because Plaintiff failed to provide consideration for the agreements therein alleged, if any there be.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's alleged losses and damages, if any there were, were aggravated by the Plaintiff's failure to use reasonable diligence to mitigate them.

### NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

Plaintiff was not in privity of contract with Defendants and said lack of privity bars recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

### (PACA Unconstitutional)

Plaintiff's claims are barred because certain provisions of PACA are unconstitutional pursuant to, among other provisions, Article I, Section 10 and the First, Fifth, and Fourteenth Amendments of the United States Constitution, in that PACA violates the rights of parties to enter into contracts, the takings clause, and the due process and equal protection clauses contained therein.

### TWELFTH AFFIRMATIVE DEFENSE
### (PACA Rights Not Perfected)

Plaintiff has not perfected its PACA rights and therefore are precluded from recovery pursuant to PACA requirements.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Personal Liability)

Plaintiff's Complaint is barred insofar as it seeks to hold an employee or agent of

-10-

Defendant Farmers Processing, Inc. personally liable for the Defendant corporation's actions

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Speculative Damages)

The damages, if any, claimed by Plaintiff are wholly speculative and are not susceptible to determination.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiff comes to this Court with unclean hands and are therefore barred from recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Consequential Damages Barred)

Plaintiff's claims for consequential damages are barred pursuant to the contracts that are the subject matter of this litigation.

WHEREFORE, defendants pray as follows:

1. That Plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of the Defendants;

2. That Defendants be awarded his costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

Dated: March 20, 2008

DONAHUE GALLAGHER WOODS LLP

By: *(signature)*
John C. Kirke
Attorneys for Defendants
FARMERS PROCESSING, INC. and RAY RODRIGUEZ

**DEMAND FOR JURY TRIAL**

Defendants Farmers Processing, Inc. and Ray Rodriguez hereby demand trial by jury.

Dated: March 20, 2008

DONAHUE GALLAGHER WOODS LLP

By: _____
John C. Kirke
Attorneys for Defendants
FARMERS PROCESSING, INC. and RAY RODRIGUEZ